CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 12 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:01CV00116 |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| TERRY L. DOWDELL, et al., | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | |

This action is before the undersigned in accordance with an Order entered on February 29, 2008, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings and to render a Report and Recommendation for the disposition of the Receiver's December 14, 2007 Twenty-First Interim Application For Allowance Of Compensation And Expenses For Receiver ("Twenty-First Application" or "Application"), which covers the period between August 29, 2007 through November 30, 2007.[1] The Receiver sets forth a summary of the services rendered and asks for approval of $81,231.57 in compensation and $3,482.37 in expenses. The Receiver notes that 80% of the compensation requested and all the expenses have been approved by the plaintiff and disbursed under the court's Administrative Orders. The Receiver seeks approval of the entire amount claimed and an order directing payment of the remaining 20% or $16,246.31.

**OVERVIEW AND ASSESSMENT**

The undersigned has scrutinized the instant Application in a manner similar to the way

---

[1] As set forth in the Application, there is an overlap in the time period covered and that covered in the Twentieth Application, though there is no duplication in the compensation sought. (Application, p. 1, fn.1.)

the Receiver's prior applications have been reviewed. As in the others, the lion's share of the fees claimed are found in administrative activities collectively, under the headings of "Administration of Case" (55.72 hours of professional time) and "Claims Admin/Asset Distribution" (177.6 hours of professional time). (Application, Summary of Services Rendered at ¶¶ a) and e)). Also garnering some attention by the undersigned are the Receiver's claims for 32.7 hours of professional services for Fee Applications and 67.7 hours of professional services related to Litigation. (*Id.* at ¶¶ f) and h)).[2]

While the undersigned remains somewhat amazed at and concerned about the time it has taken to administer the case at this juncture of the proceedings where the costs are beginning to exceed the rewards, there is nothing in the record and supporting exhibits to suggest the time claimed for Administration of Case, Claims Admin/Asset Distribution and Litigation, in this particular Application, though high, is unreasonable. This also could be said for the charges relating to Fee Applications. Nevertheless, the Receiver should be reminded that as returns to the injured parties are diminished by significantly large administration and fee application expenses, the more unreasonable they will appear and the greater the risk for reduction.

## RECOMMENDATION

For the reasons set forth above, it is RECOMMENDED the presiding District Judge enter an Order APPROVING the Receiver's Twenty-First Application and awarding payment of the remaining fee in the amount of $16,246.31.

---

[2] It is noted that the Receiver further claims 116.9 hours of professional services spent on matters related to the U.K. Receivership. (Application at ¶ I)). The international complexities of this portion of the case have justified, and appear to continue justifying, such expenditure. However, it would be helpful to a review of future applications for the Receiver to report any fruit these efforts have borne, or are likely to bear, for those harmed by the Ponzi scheme.

2

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel for the Receiver and counsel of record for the SEC.

ENTERED: _____
United States Magistrate Judge

3/12/08
Date