CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 09 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 3:01CV00116 |
| Plaintiff, | ) ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | ) | |

This action is before the undersigned in accordance with an Order entered on May 14, 2008, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct the necessary proceedings and to render a Report and Recommendation for the disposition of the Receiver's April 25, 2008 Second Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Second Application") and Third Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Third Application"). For the following reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Second Application, approving the Accountant's fees and expenses, and AWARDING the Accountant the holdback in the amount of $27,254.67. The undersigned further RECOMMENDS that the presiding court enter an Order GRANTING the Third Application, approving the Accountant's fees and expenses, and AWARDING the Accountant the holdback in the amount of $1,482.10.

**BACKGROUND**

In an Order dated September 12, 2002, the court approved the Receiver's request to employ Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (First Application,

Exhibit "A".) The Order provided that on or before the last day of the month following the month for which compensation was sought, the Accountant was to submit a monthly statement to the Securities and Exchange Commission ("SEC") for its approval. (First Application, Exh. "A", p. 3.) If there was no objection to the monthly statement, the Accountant was authorized to receive from the Receivership eighty percent (80%) of the amount of the fees requested with twenty percent (20%) of the fees being held back ("holdback"). (*Id.*) The Accountant was entitled to reimbursement for one hundred percent (100%) of its expenses. (*Id.*) The Order also provided that approximately every three months the Accountant was to file an application for interim approval and allowance of compensation, including the holdback, and reimbursement for expenses incurred during the preceding three-month period. (First Application, Exh. "A", p. 4.)

In the First Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("First Application") the Receiver sought approval of the Accountant's fees in the amount of $535,726.95 and expenses in the amount of $26,896.61 incurred between August 13, 2002 and September 30, 2006. (Dkt. No. 698.) In a Report and Recommendation dated December 7, 2007, the undersigned recommended that the First Application be denied to the extent that the Receiver was seeking approval of payment of the outstanding holdback compensation on the basis that the Accountant did not comply with the court's established quarterly process for seeking approval of fees and expenses for almost five years. (Dkt. No. 710.)

The Receiver filed Objections to the December 7, 2007 Report and Recommendation which included a statement from Steven J. Levine, SEC Senior Trial Counsel who has served as lead counsel in this case from its inception until November 2007. (Dkt. No. 715, Levine

2

Declaration, p. 1.) Levine's statement provides that he personally reviewed the Accountant's monthly statements, and when appropriate, he objected to any unreasonable amounts. (Dkt. No. 715, Levine Declaration p. 2.) The Accountant also filed Objections to the Report and Recommendation which included a statement from Harold G. Martin, Jr., a principal in the public accounting and consulting firm of Keiter, Stephens, Hurst, Gary & Shreaves, P.C. (Dkt. No. 716.) Martin's statement provides that the Accountant's failure to comply with the Court's September 12, 2002 Order for almost five years was excusable for numerous legitimate reasons. (Dkt. No. 716, Exh. 1, pp. 3-7.)

On February 29, 2008, the presiding District Judge entered an Order sustaining the Objections on the bases that the statements included in the Objections showed that the Accountant's fees and expenses were not going entirely without oversight, and that a monetary penalty was not necessary to ensure future compliance with the court's September 12, 2002 Order. (Dkt. No. 719, p. 2.) The Receiver and Accountant were cautioned that future failures to comply with the court's established procedure for fee applications could result in monetary or other sanctions.[1] (Dkt. No. 719, pp. 2-3.)

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

In the Second Application, the Receiver seeks approval of fees and expenses the Accountant incurred between October 1, 2006 through December 31, 2007 in the amount of $130,269.25 and $8,537.15, respectively. (Second Application, pp. 1, 3.) The Accountant

---

[1] The presiding District Judge extended the time in which the Receiver could file its outstanding fee applications covering October 1, 2006 through December 31, 2007 until March 31, 2008. (Dkt. No. 719, p. 2 fn.1, p. 3.) On April 15, 2008, the time again was enlarged to April 30, 2008. (Dkt. 732.) Thus, the Second and Third Applications, filed on April 25, 2008, were timely-filed. (Dkt. Nos. 733, 735.)

already has received reimbursement for eighty percent (80%) of its fees and the full amount of its claimed expenses, and it seeks an award of the holdback in the amount of $27,254.67.[2] (Second Application, pp. 1, 3-5.)

In the Third Application, the Receiver seeks the court's approval of the Accountant's fees in the amount of $7,140.50 and expenses in the amount of $168.82 incurred between January 1, 2008 and March 31, 2008. (Third Application, pp. 1, 3-4.) The Accountant already has received reimbursement for eighty percent (80%) of its fees and the full amount of its claimed expenses. (Third Application, pp. 1, 3.) The Receiver is seeking an award of the holdback to the Accountant in the amount of $1,482.10. (Third Application, pp. 1, 3-4.)

The Accountant's discounted hourly rates during the time periods covered in the Second and Third Applications ranged from $115 for associates to $230 for senior managers/principals. (Second Application, Exh. A, p. 2; Third Application, Exh. A., p. 2.) In the Second Application, the Accountant is seeking payment for 792.60 hours at an average hourly rate of $164.36. (Second, Appendix A.) In the Third Application, the Accountant is seeking payment for 44.10 hours at an average hourly rate of $161.92. (Third Application, Appendix A.)

The hourly rate charged by the Accountant in both applications appears to be consistent with this Court's orders setting the hourly rates. (First Application, Exh. "B", p. 2.) Moreover, there is nothing before the court that would suggest the number of hours billed or the amount of the expenses incurred is anything but reasonable. Therefore, the undersigned recommends that the court grant the Receiver's Second and Third Applications in their entirety.

---

[2] As set forth in the Second Application, the holdback amount should have been $26,099.97, but an adjustment in the amount of $1,154.70 was necessary. (Second Application, p. 1; Second Application, Exh. A, pp. 1, 7.)

4

There is an issue, however, that the undersigned believes needs addressing so that there can be a meaningful review of all future fee applications submitted to this court by the Receiver, including those submitted on behalf of the Accountant. The fee applications to date provide the court with a very narrow or limited view of the case in that they have done little or nothing to inform the court about what has been recovered or disbursed on behalf of the victims during the specific time period covered by the application. For example, the Second and Third Applications inform the court the amount of fees and expenses incurred between October 1, 2006 and March 31, 2008, but they provide the court with no information from which the undersigned can ascertain the amount of recovery and disbursement which took place during this time period. Thus, the court is essentially foreclosed from performing any type of cost-benefit analysis to determine the reasonableness of fees and expenses incurred in relation to benefits for the victims.

The undersigned certainly has hinted to the Receiver that such cost-benefit data would be of aid to the court, but only once can the undersigned recall he provided such data. **Therefore, the undersigned RECOMMENDS that all future applications include data summarizing recoveries on behalf of and disbursements to the victims during the time period covered by those applications.** This will give the court a better opportunity to determine the reasonableness of professional fees from a costs-benefit perspective.

Based on the foregoing, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Second Application, approving the Accountant's fees and expenses, and AWARDING the Accountant the holdback in the amount of $27,254.67. The undersigned further RECOMMENDS that the presiding court enter an Order GRANTING the Third

5

Application, approving the Accountant's fees and expenses, and AWARDING the Accountant the holdback in the amount of $1,482.10.

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel for the Receiver and counsel of record for the SEC.

ENTERED: /s/
United States Magistrate Judge

June 9, 2008
Date

6

Case 3:01-cv-00116-NKM-RSB   Document 749   Filed 06/09/08   Page 6 of 6   Pageid#: 4610