CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 15 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CIVIL NO. 3:01cv00116 |
| *Plaintiff,* | |
| v. | ORDER |
| TERRY L. DOWDELL, ET AL., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the court on the Second and Third Interim Applications for Allowance of Compensation and Expenses for Accountant to Receiver ("Accountant's Applications") (docket #733 and #735) and the Twenty-Third Interim Application for Allowance of Compensation and Expenses for Reveiver ("Receiver's Application") (docket #751). The applications were referred to United States Magistrate Judge B. Waugh Crigler for Reports and Recommendations ("Reports"). Judge Crigler entered his Report addressing the Accountant's Applications on June 9, 2008 (docket #749) and his Report addressing the Receiver's Application on July 17, 2008 (docket #768).

No objections have been filed, but the Receiver did file a "response" opposing Judge Crigler's recommendation "that all future applications include data summarizing recoveries on behalf of and disbursements to the victims during the time period covered by those applications." (Report 5–6, June 9, 2008.) The Receiver argues that such data would fail to account for benefits provided by the Receiver that are not quantifiable in terms of recoveries and disbursements, thereby providing a distorted and incomplete view of its activities. The Receiver believes that "while there is a benefit to the Court's review of periodic fees and expenses, . . . it is important

that the Court not lose sight of the 'larger picture' of the activities of the Receiver and its professionals over the course of the entire Receivership." (Response 3, June 20, 2008.)

Although the Receiver's point regarding the "larger picture" is well taken, it is likewise important that the Receiver not lose sight of the fact that the acknowledged benefit of judicial review is directly proportional to the quality of the information that is presented to the Court. Approving a fee application without sufficient information for determining the necessity and propriety of the requested fees is little more than a "rubber stamp," which would benefit no one but the Receiver and its professionals. Indeed, the clear objective of Judge Crigler's recommendation is to enable the Court to evaluate the billable hour increments listed on the Receiver's invoices in light of the "larger picture" (i.e., the overall costs and benefits of the Receiver's activities). Determining what information will best facilitate that objective is an issue I leave to the discretion of Judge Crigler, who may, of course, order the Receiver to provide whatever additional information is needed to properly review its fee applications.

Here, however, the Accountant's Applications contained at least a bare minimum of information such that Judge Crigler recommended their approval despite his concern over the lack of cost-benefit-related data. Judge Crigler also recommended the approval of the Receiver's Application. After careful consideration, I discern no clear error in the Reports. Accordingly, the Reports are hereby ADOPTED in their entirety.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to the Receiver.

Entered this _____ day of August, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE