
CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 04 2008

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:01CV00116 |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| TERRY L. DOWDELL, et al., | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | |

This action is before the undersigned in accordance with an Order entered on October 24, 2008, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and render a recommended disposition for the Receiver's September 9, 2008 Amended Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Amended Fourth Application"). For the following reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING, in part, and DENYING, in part, the September 9, 2008 Amended Fourth Application. The Amended Fourth Application should be GRANTED to the extent the Amended Application seeks approval of compensation in the amount of $13,044.50 and expenses in the amount of $29.34. The Application should be DENIED to the extent that $147.00 should be deducted from the amount of holdback and awarding the sum of $891.30.

**BACKGROUND**

By Administrative Order dated September 12, 2002, the court approved the Receiver's request to employ Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (First

Application, Exhibit "A".) The Administrative Order provided that on or before the last day of the month following the month for which compensation was sought, the Accountant was to submit a monthly statement to the Securities and Exchange Commission ("SEC") for its approval. (First Application, Exh. "A", p. 3.) If there was no objection to the monthly statement, the Accountant was authorized to receive from the Receivership eighty percent of the amount of the fees requested with twenty percent of the fees being held back ("holdback"). (*Id.*) The Accountant was entitled to reimbursement for one hundred percent of its expenses. (*Id.*) The Administrative Order also provided that approximately every three months the Accountant was to file an application for interim approval and allowance of compensation, including the "holdback," and reimbursement for expenses incurred during the preceding three-month period. (First Application, Exh. "A", p. 4.)

In the First Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("First Application"), the Receiver sought approval of the Accountant's fees in the amount of $535,726.95 and expenses in the amount of $26,896.61 incurred between August 13, 2002 and September 30, 2006. (Dkt. No. 698.) On December 7, 2007, the undersigned recommended that the First Application be denied, to the extent that the Receiver was seeking approval of payment of the outstanding "holdback" compensation, on the basis that the Accountant did not comply with the court's established quarterly process for seeking approval of fees and expenses for almost five years. (Dkt. No. 710.) The Receiver and the Accountant both filed Objections. (Dkt. Nos. 715, 716.)

On February 29, 2008, the presiding District Judge entered an Order sustaining the Objections, on the bases that the statements provided with the Objections showed that the

2

Accountant's fees and expenses were not going entirely without oversight, and that a monetary penalty was not necessary to ensure future compliance with the court's September 12, 2002 Administrative Order. (Dkt. No. 719, p. 2.) At the same time, the Receiver and Accountant were cautioned that future failures to comply with the court's established procedure for fee applications could result in monetary or other sanctions.[1] (Dkt. No. 719, pp. 2-3.)

In the Second Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Second Application"), the Receiver sought approval of the Accountant's fees in the amount of $130,269.25 and expenses in the amount of $8,537.15 incurred between October 1, 2006 and December 31, 2007. (Dkt. No. 733, pp. 1, 3.) In the Third Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Third Application"), the Receiver sought approval of the Accountant's fees in the amount of $7,140.50 and expenses in the amount of $168.82 incurred between January 1, 2008 and March 31, 2008. (Dkt. No. 735, pp. 1, 3.)

On June 9, 2008, the undersigned recommended that the presiding court enter an Order granting the Second and Third Applications, approving the Accountant's fees and expenses, and awarding the "holdback" amount in both applications. (Dkt. No. 749.) The undersigned also recommended that all future applications include data summarizing recoveries on behalf of and disbursements to the victims during the time period covered by those applications in an effort to allow this court to have a better opportunity to determine the reasonableness of professional fees

---

[1] The presiding District Judge extended the time in which the Receiver could file its outstanding fee applications covering October 1, 2006 through December 31, 2007 until March 31, 2008. (Dkt. No. 719, p. 2 fn.1, p. 3.) On April 15, 2008, the time again was enlarged to April 30, 2008. (Dkt. 732.) Thus, the Second and Third Applications, filed on April 25, 2008, were timely-filed. (Dkt. Nos. 733, 735.)

3

from a costs-benefit perspective. (Dkt. No. 749, p. 5.) The Receiver and the Accountant filed Responses, generally agreeing with the undersigned's recommendations, but expressing concerns over the form in which the information was to be furnished to permit a cost-benefit analysis in all future fee applications. (Dkt. No. 755, p. 2.)

The presiding District Judge entered an Order on August 15, 2008, adopting the undersigned's recommendation to grant the Second and Third Applications, approving the Accountant's fees and expenses, and awarding the "holdback" amounts in both applications. (Dkt. No. 773.) The presiding District Judge expressed an intent that the court not be a "rubber stamp" for fee applications submitted by the Receiver and its professionals, and referred the determination of the form in which and the means by which overall costs and benefits of the Receiver's efforts were to be assessed to the undersigned. (Dkt. No. 773, p. 2.)

The Receiver filed a Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Fourth Application") on August 11, 2008. (Dkt. No. 771.) In the Fourth Application, the Receiver sought approval of Accountant's fees in the amount of $15,191.50 and expenses in the amount of $29.34, all incurred between April 1, 2008 and June 30, 2008. (Fourth Application, pp. 1, 2.) Upon review of the Fourth Application, the undersigned developed some concerns about compensation for some 50.70 hours which was reported as "non-recurring work" under the heading "Administration of Case." (Fourth Application, Exhibit A, p. 3.) On August 25, 2008, the undersigned entered an Order directing the Receiver to supplement the Fourth Application with further information to assist the undersigned in determining the reasonableness of these charges. (Dkt. No. 776.)

In response to the Order, the Receiver, on September 9, 2008, filed a Supplement to the

Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Supplement"). (Dkt. No. 779.) In the Supplement, the Receiver explained that the non-recurring charges questioned by this court related to the Accountant's work associated with "organizing, indexing, and archiving working papers, documents and other media as beneficial to the Receivership." (Dkt. No. 779, p. 3.) According to the Receiver, the charges were incurred in an effort to increase the Accountant's capacity to quickly locate and produce information for the Receiver and the SEC until completion of their roles in the case. (*Id.*)

Also on September 9, 2008, the Receiver filed an Amended Fourth Application. (Dkt. 777.) The Amended Fourth Application reveals that, after discussions with the SEC concerning the magnitude of fees incurred for preparing the Accountant's Third Application, the Accountant agreed to reduce the fees claimed in the Fourth Application by $2,000. (Amended Fourth Application, pp. 3-4.) The undersigned is of the view that the action taken by the SEC in securing a reduction in charges by the Accountant is quite appropriate.

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

The Amended Fourth Application covers April 1, 2008 through June 30, 2008. (Amended Fourth Application, pp. 1, 2.) The Receiver seeks approval of $13,191.50 in fees and $29.34 in expenses and an award of the outstanding "holdback" in the amount of $1,038.30.[2] (Application, pp. 1, 4.)

It appears that the hourly rate charged by the Accountant is reasonable, with one rather

---

[2]In the Fourth Application, the Receiver was seeking approval of Accountant's fees in the amount of $15,190.50. (Fourth Application, pp. 1, 3.) Following the Accountant's agreement to reduce its fees in the amount of $2,000, the Accountant sought approval of fees in the amount of $13,190.50 and the award of holdback in the amount of $1,038.30. (Amended Fourth Application, pp. 1, 3.)

5

minor exception. The court's June 9, 2006 Administrative Order sets the fees applicable to the Amended Fourth Application.³ (Dkt. No. 618, Exhibit B; Dkt. No. 623.) The Order designated hourly rates for specific accountants, including an hourly rate of $115 for Brian Burns. (Dkt. No. 618, Exhibit B; Dkt. No. 623.) A review of the Accountant's billing summary reveals that he has charged $120 per hour for 29.4 hours, producing an overcharge of $147.00. (Amended Fourth Application, Exhibit A, Appendix C.) The easiest way to account for this overcharge is to reduce the amount of "holdback" that is awarded by the court in this proceeding. It is so RECOMMENDED.

The Receiver's Supplement has disabused the undersigned of the notion that any services performed by the Accountant were duplicative of those performed by the Receiver or the Receiver's staff. Thus, the undersigned finds that the number of hours billed by the Accountant is reasonable.

For the reasons set forth, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING, in part, and DENYING, in part, the Amended Fourth Application. The Amended Application should be GRANTED to the extent the Amended Fourth Application seeks approval of compensation in the amount of $13,044.50 and expenses in the amount of $29.34. The Amended Fourth Application should be DENIED to the extent that $147.00 should be deducted from the amount of holdback awarded and awarding the sum of $891.30.

---

³On September 12, 2002, the court entered an Administrative Order. (Dkt. No. 287.) The court granted the Receiver's first motion to modify the Administrative Order on September 30, 2004. (Dkt. No. 551.) On June 9, 2006, the court entered an Order granting the Receiver's second motion to modify the September 12, 2002 Administrative Order. (Dkt. No. 623.) The Receiver filed a third motion to modify the court's Administrative Order on October 1, 2008. (Dkt. No. 785.) The court granted the motion which set new rates for the Accountant to become effective October 1, 2008. (Dkt. No. 788.)

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
United States Magistrate Judge

Nov 4, 2008
Date

7

Case 3:01-cv-00116-NKM-RSB   Document 791   Filed 11/04/08   Page 7 of 7   Pageid#: 5017