CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

NOV 07 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:01CV00116 |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| TERRY L. DOWDELL, et al., | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | |

This action is before the undersigned in accordance with an Order entered on September 15, 2008, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and to render a recommended disposition for the Receiver's September 10, 2008 Twenty-Fourth Interim Application for Allowance of Compensation and Expenses for Receiver[1] ("Twenty-Fourth Application" or "Application"). For the following reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Twenty-Fourth Application, approving the Receiver's fees and expenses, and AWARDING the holdback in the amount of $5,708.52.

**BACKGROUND**

On July 12, 2002, the court entered an Order appointing Roy M. Terry, Jr. and the law firm of DuretteBradshaw PLC as Receiver for the benefit of the investors to handle the assets of defendants Terry L. Dowdell, Dowdell Dutcher & Associates, Inc., and Emerged Market

---

[1] In one place the Application refers to its being the *twenty-third* application. (Application, p. 1.) However, the twenty-third application was approved on August 15, 2008. (Dkt. No. 773.) Thus, it appears that the application before the court is the *twenty-fourth*.

Securities, DE-LLC. (Dkt. No. 243, p. 2.) The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. (Dkt. No. 243, p. 4.) Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. (Dkt. Nos. 288, 381.)

On September 12, 2002, the court entered an Order ("Administrative Order") establishing administrative procedures and approving the engagement of the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (Dkt. No. 287.) The Administrative Order approved the hourly fees submitted by the Receiver for individual attorneys, including both associates and partners, with hourly rates ranging from $130 to $300.[2] (Dkt. No. 268, Exhibit B.) The Administrative Order also set hourly rates for paralegals working for the Receiver at hourly rates ranging from $70 to $90.[3] (*Id.*)

The Receiver's first motion to modify the Administrative Order was filed on June 9, 2004, at which time, the Receiver sought an hourly rate increase. (Dkt. No. 531.) On September 30, 2004, the court granted the Receiver's motion approving new hourly rates for counsel ranging from $145 to $300 and paralegal hourly rates ranging from $80 to $90. (*Id.* at Exhibit A; Dkt. No. 551.)

On May 12, 2006, the Receiver moved to amend the Administrative Order a second time. (Dkt. No. 618.) The motion was granted on June 9, 2006, and both Receiver's counsel and

---

[2]The hourly rates charged by the Receiver's counsel were less than their standard hourly rates. For instance, Roy M. Terry, Jr.'s standard hourly rate was $225, but the hourly rate he charged was $200. (Dkt. No. 268, Exhibit B, p. 1.)

[3]The hourly rates charged by the Receiver's staff were also less than their standard hourly rates. (*Id.*)

2

paralegals were permitted to increase their hourly rates. (Dkt. No. 623.) The new hourly rates for counsel ranged from $153 to $ 312, and the new paralegal hourly rates ranged from $80 to $146. (Dkt. No. 618, Exhibit A.)

On October 1, 2008, the Receiver filed a third motion to modify the Administrative Order seeking an increase in the Receiver's fees. (Dkt. No. 785.) On October 21, 2008, the motion was granted. (Dkt. No. 788.) The court's Order provides that, to the extent the Receiver is required to use additional staff, it is to discount their hourly rates by ten percent, rounded down to the nearest dollar. (*Id.* at pp. 1, 2.) The Order also provides that the Receiver's associate and paralegal rates are approved retroactive to their date of employment, and that the rate increases for the Receiver will become effective October 1, 2008. (*Id.*)

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

In the Twenty-Fourth Application, the Receiver seeks approval of compensation in the amount of $28,542.60 and reimbursement of expenses in the amount of $3,037.43 incurred between May 29, 2008 through August 27, 2008. (Application, pp. 1, 2, 7.) The Receiver has been reimbursed for eighty percent of his fees together with the full amount of his claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $5,708.52. (*Id.* at pp. 7, 8.)

The hourly rates charged in the Twenty-Fourth Application are as follows: Partner Roy M. Terry, Jr. $250; Principal William J. Seidel $276; Associate Elizabeth L. Gunn $205; Associate John C. Smith $153; and Paralegal Stephanie M. Ryan $110. (*Id.* at Exhibit A, pp. 3, 5.) When the Application was filed, it appeared to the undersigned that the rates charged for counsel and staff exceeded those authorized by the court's previous Administrative Orders.

3

Thus, on September 18, 2008, the undersigned entered an Order directing the Receiver to provide justification for its request of fees at a rate greater than that approved by the court. (Dkt. No. 783.)

On September 29, 2008, the Receiver filed a Response to the September 18, 2008 Order. (Dkt. No. 784.) In the Response, he conceded that, in the Twenty-Fourth Application he failed to note the entry of a June 9, 2006 Order which approved an increase in fees sought by the Receiver. (*Id.* at p. 2.[4]) The Receiver acknowledged this was an oversight and apologized to the court for any confusion created. (*Id.* at p. 3.)

Upon review of the Receiver's September 29, 2008 Response and the June 9, 2006 Order, it appears the hourly rates sought here are consistent with the court's Orders. All the undersigned's concerns have been alleviated, and the undersigned finds that the Receiver is requesting compensation at a reasonable hourly rate.

The number of hours billed also appears reasonable. The bulk of the services charged in the Twenty-Fourth application fall within two categories: Administration of Case and Claims Admin/Asset Distribution. (*Id.* at pp. 4-5.) The Receiver is seeking $5,666.40 for 36.0 hours spent on the Administration of Case and $10,356.30 for 71.7 hours spent on the Claims Admin/Asset Distribution. (*Id.*) The Receiver has taken some pains to explain that the work of the professionals concentrated on assessing claims, seeking approval of claims determinations, and making actual interim distributions to investors. Although the reviews and coordination of materials required to conduct such activities are costly, it appears to be the very kind of work

---

[4]The Receiver's Response is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

4

calculated to lead to the winding down of this case.[5]

For the foregoing reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Twenty-Fourth Application, approving the Receiver's fees and expenses, and AWARDING the holdback in the amount of $5,708.52.

The Clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to counsel of record for the Receiver and the SEC.

ENTERED: _____
United States Magistrate Judge

Nov 7, 2008
Date

---

[5] Both the Summary of Services Rendered and the exhibits attached reveal that the Receiver's website unfortunately was damaged by hackers, causing unexpected additional expenses to be incurred. (Application, p. 4.)