CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 1 4 2009

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )          CASE NO. 3:01CV00116
                                    )
        Plaintiff, )
                                    )          REPORT AND RECOMMENDATION
v. )
                                    )
TERRY L. DOWDELL, et al., )          By:    B. WAUGH CRIGLER
                                    )               U.S. MAGISTRATE JUDGE
        Defendants. )

This action is before the undersigned in accordance with an Order entered on April 6,

2009, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the

undersigned to conduct proceedings necessary to determine the necessity and justice of the

requested compensation and reimbursements and to render a recommended disposition for the

Receiver's April 3, 2009 Twenty-Sixth Interim Application for Allowance of Compensation and

Expenses for Receiver ("Twenty-Sixth Application" or "Application"). For the following

reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING,

in part, and DENYING, in part, the April 3, 2009 Twenty-Sixth Application. The presiding court

should APPROVE fees in the amount of $9,149.86 ($9,748.12 minus $598.26) and expenses in

the amount of $71.13. The presiding court then should AWARD out of the holdback the amount

of $1,351.36.

**BACKGROUND**

On July 12, 2002, the court entered an Order appointing Roy M. Terry, Jr. and the law

firm of DuretteBradshaw PLC as Receiver for the benefit of the investors to handle the assets of

defendants Terry L. Dowdell, Dowdell Dutcher & Associates, Inc., and Emerged Market

Securities, DE-LLC. (Dkt. No. 243, p. 2.) The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. (*Id.* at p. 4.) Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. (Dkt. Nos. 288, 381.)

On September 12, 2002, the court entered an Order ("Administrative Order") establishing administrative procedures and approving the engagement of the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (Dkt. No. 287.) The Administrative Order approved the hourly fees submitted by the Receiver for individual attorneys, including both associates and partners, with hourly rates ranging from $130 to $300. (Dkt. No. 268, Exhibit B.) The Administrative Order also set hourly rates for paralegals working for the Receiver at hourly rates ranging from $70 to $90. (*Id.*)

The Receiver's first motion to modify the Administrative Order was filed on June 9, 2004, at which time the Receiver sought an hourly rate increase. (Dkt. No. 531.) On September 30, 2004, the court granted the Receiver's motion approving new hourly rates for counsel ranging from $145 to $300 and paralegal hourly rates ranging from $80 to $90. (*Id.* at Exhibit A; Dkt. No. 551.)

On May 12, 2006, the Receiver moved to amend the Administrative Order a second time. (Dkt. No. 618.) The motion was granted on June 9, 2006, and both the Receiver's counsel and paralegals were permitted to increase their hourly rates. (Dkt. No. 623.) The new hourly rates for counsel ranged from $153 to $312, and the new paralegal hourly rates ranged from $80 to $146. (Dkt. No. 618, Exhibit A.)

2

On October 1, 2008, the Receiver filed a Third Motion to Modify Administrative Order ("Third Motion to Modify") seeking an increase in the Receiver's fees. (Dkt. No. 785.) The new hourly rates for counsel range from $205 to $297, and the new paralegal hourly rate is $110. (Dkt. No. 785, Exhibit A.) The Receiver's associate and paralegal rates were approved retroactive to their date of employment, and the rate increases for the Receiver became effective October 1, 2008. (Dkt. No. 788.)

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

In the Twenty-Sixth Application, the Receiver seeks approval of compensation in the amount of $9,748.12 and reimbursement of expenses in the amount of $71.13 incurred between November 27, 2008 and February 25, 2009. (Application, pp. 1, 7, 8.) The Receiver has been reimbursed for eighty percent of his fees together with the full amount of his claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $1,949.62. (*Id.* at pp. 7, 8.)

The hourly rates charged in the Twenty-Sixth Application are consistent with the hourly rates approved by this court in the October 21, 2008 Order granting the Receiver's Third Motion to Modify. (Dkt. Nos. 785, 788.) Thus, the undersigned finds that the Receiver is requesting compensation at a reasonable hourly rate.

The Receiver has billed for 11.7 hours ($1,794.80) under the heading "Fee Applications" for time spent filing and obtaining court approval of the Receiver's Twenty-Fifth Interim Application for Allowance of Compensation and Expenses for Receiver ("Twenty-Fifth Application"); filing and obtaining court approval of the Accountant's Fifth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Accountant's

3

Fifth Application"); and reviewing Receivership bills for compliance with SEC and court guidelines. (Application, p. 5.) The Receiver claims to have spent time on the following tasks related to the Accountant's Fifth Application: coordinating forwarding of the Accountant's Fifth Application; reviewing a draft of the Accountant's Fifth Application from the Accountant; drafting the Fifth Application and the notice of its filing; reviewing e-mails from the Accountant relating to the Fifth Application; finalizing, filing and serving the Accountant with the Accountant's Fifth Application; reviewing and signing the applications; and reviewing and forwarding the report and recommendation on the Accountant's Fifth Application. (Application, Exhibit E.)

The only concern of the undersigned relates to the Receiver's claim for $1,794.80 for 11.7 hours of service under the general heading "Fee Applications." Some 4.5 hours of that time related to the Accountant's Fifth Application, which is only six pages long, including the signature and certificate of service page. (Dkt. No. 797.) Interestingly, the Accountant's Fifth Application is almost identical to the Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Accountant's Fourth Application").[1] (Dkt. No. 771.) Admittedly, the Accountant's Fifth Application contains seventeen pages of exhibits; however, the exhibits were documents provided by the Accountant.[2] In the end, the undersigned finds that the $1,794.80 claimed under the heading "Fee Applications" is unreasonable and

_____

[1]Interestingly, the Accountant's Fifth Application even has a section entitled "Fourth Interim Application." (Dkt. No. 797, p. 3.) Thus, the Receiver can't dispute the fact that this is generally a cut-and-paste document from the Accountant's Fourth Application.

[2]The undersigned knows that the documentation was provided by the Accountant because the documentation is contained on the Accountant's letterhead.

4

excessive. The amount should be reduced by one-third or $598.26.

For the foregoing reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING, in part, and DENYING, in part, the April 3, 2009 Twenty-Sixth Application. The presiding court should APPROVE fees in the amount of $9,149.86 ($9,748.12 minus $598.26) and expenses in the amount of $71.13. The presiding court then should AWARD the sum of $1,351.36.

The Clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to counsel of record.

ENTERED: _____

United States Magistrate Judge

4|14|09
Date

5

Case 3:01-cv-00116-NKM-RSB   Document 814   Filed 04/14/09   Page 5 of 5   Pageid#: 5207