CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 29 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 3:01CV00116 |
| Plaintiff, | ) ) | REPORT AND RECOMMENDATION |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | ) | |

This action is before the undersigned in accordance with an Order entered on March 26, 2010, under authority of 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and render a recommended disposition for the Receiver's March 15, 2010 Ninth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Ninth Application"). For the following reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Ninth Application, APPROVING the Accountant's fees of $9,078.00 and expenses in the amount of $245.06, and AWARDING the Accountant the "holdback" in the amount of $1,847.80.

## BACKGROUND

By Administrative Order dated September 12, 2002, the court approved the Receiver's request to employ Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (First Application, Exh. "A".) The Administrative Order provided that, on or before the last day of the month following the month for which compensation was sought, the Accountant was to submit a monthly statement to the Securities and Exchange Commission ("SEC") for its approval. (First

Application, Exh. "A", p. 3.) If there was no objection to the monthly statement, the Accountant was authorized to receive from the Receivership eighty percent of the amount of the fees requested with twenty percent of the fees being held back ("holdback"). (*Id.*) The Accountant was entitled to reimbursement for one hundred percent of its expenses. (*Id.*) The Administrative Order also provided that, approximately every three months, the Accountant was to file an application for interim approval and allowance of compensation, including the "holdback," and reimbursement for expenses incurred during the preceding three-month period. (*Id.* at p. 4.)

In the First Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("First Application"), the Receiver sought approval of the Accountant's fees in the amount of $535,726.95 and expenses in the amount of $26,896.61 incurred between August 13, 2002 and September 30, 2006. (Dkt. No. 698.) On December 7, 2007, the undersigned recommended that the First Application be denied to the extent that the Receiver was seeking approval of payment of the outstanding "holdback" compensation, on the basis that the Accountant did not comply with the court's established quarterly process for seeking approval of fees and expenses for almost five years. (Dkt. No. 710.) The Receiver and the Accountant both filed Objections. (Dkt. Nos. 715, 716.)

On February 29, 2008, the presiding District Judge entered an Order sustaining the Objections, on the bases that the statements provided with the Objections showed that the Accountant's fees and expenses were not going entirely without oversight, and that a monetary penalty was not necessary to ensure future compliance with the court's September 12, 2002 Administrative Order. (Dkt. No. 719, p. 2.) At the same time, the Receiver and Accountant were cautioned that future failures to comply with the court's established procedure for fee

2

applications could result in monetary or other sanctions.[1] (*Id.* at pp. 2-3.)

In the Second Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Second Application"), the Receiver sought approval of the Accountant's fees in the amount of $130,269.25 and expenses in the amount of $8,537.15 incurred between October 1, 2006 and December 31, 2007. (Dkt. No. 733, pp. 1, 3.) In the Third Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Third Application"), the Receiver sought approval of the Accountant's fees in the amount of $7,140.50 and expenses in the amount of $168.82 incurred between January 1, 2008 and March 31, 2008. (Dkt. No. 735, pp. 1, 3.)

On June 9, 2008, the undersigned recommended that the presiding court enter an Order granting the Second and Third Applications, approving the Accountant's fees and expenses, and awarding the "holdback" amount in both applications. (Dkt. No. 749.) The undersigned also recommended that all future applications include data summarizing recoveries on behalf of and disbursements to the victims during the time period covered by those applications in an effort to allow the court to have a better opportunity to determine the reasonableness of the professional fees from a cost-benefit perspective. (Dkt. No. 749, p. 5.) The Receiver and the Accountant filed Responses, generally agreeing with the undersigned's recommendations, but expressing concerns over the form in which the information was to be furnished to permit a cost-benefit analysis in all future fee applications. (Dkt. No. 755, p. 2.)

---

[1] The presiding District Judge extended the time in which the Receiver could file its outstanding fee applications covering October 1, 2006 through December 31, 2007 until March 31, 2008. (Dkt. No. 719, p. 2 fn.1, p. 3.) On April 15, 2008, the time again was enlarged to April 30, 2008. (Dkt. 732.) Thus, the Second and Third Applications, filed on April 25, 2008, were timely-filed. (Dkt. Nos. 733, 735.)

3

The presiding District Judge entered an Order on August 15, 2008, adopting the undersigned's recommendation to grant the Second and Third Applications, approving the Accountant's fees and expenses, and awarding the "holdback" amounts in both applications. (Dkt. No. 773.) The presiding District Judge expressed an intent that the court not be a "rubber stamp" for fee applications submitted by the Receiver and its professionals, and the determination of the form and the means by which overall costs and benefits of the Receiver's efforts were to be assessed was referred to the undersigned. (*Id.* at p. 2.)

The Receiver filed a Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Fourth Application") on August 11, 2008. (Dkt. No. 771.) In the Fourth Application, the Receiver sought approval of Accountant's fees in the amount of $15,191.50 and expenses in the amount of $29.34, all incurred between April 1, 2008 and June 30, 2008. (Fourth Application, pp. 1, 2.) Upon review of the Fourth Application, the undersigned developed some concerns about compensation for some 50.7 hours which was reported as "non-recurring work" under the heading "Administration of Case." (*Id.* at Exhibit A, p. 3.) On August 25, 2008, the undersigned entered an Order directing the Receiver to supplement the Fourth Application with further information to assist the undersigned in determining the reasonableness of these charges. (Dkt. No. 776.)

In response to the Order, the Receiver, on September 9, 2008, filed a Supplement to the Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Supplement"). (Dkt. No. 779.) In the Supplement, the Receiver explained that the non-recurring charges questioned by the court related to the Accountant's work associated with "organizing, indexing, and archiving working papers, documents and other media as beneficial to

the Receivership." (*Id.* at p. 3.) According to the Receiver, the charges were incurred in an effort to increase the Accountant's capacity to quickly locate and produce information for the Receiver and the SEC until completion of their roles in the case. (*Id.*)

Also on September 9, 2008, the Receiver filed the Amended Fourth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Amended Fourth Application"). (Dkt. 777.) The Amended Fourth Application revealed that, after discussions with the SEC concerning the magnitude of fees incurred for preparing the Accountant's Third Application, the Accountant agreed to reduce the fees claimed in the Fourth Application by $2,000. (Amended Fourth Application, pp. 3-4.)

The undersigned recommended that the presiding District Judge enter an Order granting, in part, and denying, in part, the Receiver's Amended Fourth Application. (Dkt. No. 791.) It was recommended that the Amended Fourth Application be denied to the extent that $147.00 should be deducted from the "holdback" to account for an hourly rate overcharge by the Accountant. (*Id.* at pp. 5-6.) The presiding District Judge entered an Order on November 25, 2008 adopting the recommendation. (Dkt. No. 795.)

On January 5, 2009, an Order entered giving the Receiver until January 15, 2009 in which to file either an application for fees and expenses claimed by the Accountant or a notice that none were being claimed. (Dkt. No. 796.) The Fifth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Fifth Application") was filed on January 15, 2009. (Dkt. No. 797.) The undersigned recommended that the presiding court enter an Order granting the Fifth Application and approving the Accountant's fees. (Dkt. No. 803.) The presiding District Judge entered an Order adopting the recommendation on February 18,

5

2009. (Dkt. No. 805.)

The Sixth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Sixth Application") was filed on April 3, 2009. (Dkt. No. 809.) The undersigned recommended that the presiding court enter an Order granting the Sixth Application and approving the Accountant's fees. (Dkt. No. 813.) The presiding District Judge entered an Order adopting the recommendation on April 30, 2009. (Dkt. No. 816.)

On July 30, 2009, the Seventh Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Seventh Application") was filed. (Dkt. No. 820.) Upon review of the Seventh Application, the undersigned developed some concerns about the fact that the Accountant had billed for 5.5 hours spent preparing "fee application," yet the undersigned couldn't discern which fee application(s) is (are) at issue. On August 3, 2009, the undersigned entered an Order directing the Receiver to supplement the Seventh Application. (Dkt. No. 824.)

In response to the Order, the Receiver, on August 5, 2009, filed a Supplement to the Seventh Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Supplement"). (Dkt. No. 826.) In the Supplement, the Receiver explained that the Accountant's entries for time spent working on "fee application" referenced time spent working on the Fifth Application and the Sixth Application.

The undersigned recommended that the presiding court enter an Order granting the Seventh Application and approving the Accountant's fees. (Dkt. No. 827.) The presiding District Judge entered an Order adopting the recommendation on September 17, 2009. (Dkt. No. 829.)

The Eighth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Eighth Application") was filed on October 26, 2009. (Dkt. No. 832.) The undersigned recommended that the presiding court enter an Order granting the Eighth Application and approving the Accountant's fees. (Dkt. No. 836.) The presiding District Judge entered an Order adopting the recommendation on November 17, 2009. (Dkt. No. 839.)

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

The Ninth Application covers July 1, 2009 through December 31, 2009. (Ninth Application, pp. 1, 2.) The Receiver seeks the approval of $9,078.00 in fees and $245.06 in expenses and the award of the outstanding "holdback" in the amount of $1,847.80. (*Id.* at pp. 1, 3.)

The hourly rates charged by the Accountant and its staff range from $150 to $315. (*Id.* at Appendix C.) These rates are consistent with those authorized by the court in its October 21, 2008 Order.[2] Thus, the hourly rates are reasonable.

The Accountant is billing for 41.10 hours of service. (*Id.* at Appendix A.) The undersigned finds this to be a reasonable number of hours.

For the reasons set forth, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Ninth Application, APPROVING the Accountant's fees of $9,078.00 and expenses in the amount of $245.06, and AWARDING the Accountant the "holdback" in the amount of $1,847.80.

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman

---

[2]On October 21, 2008, the court entered an Order which authorized an increase in the hourly rates charged by the Accountant and its staff. (Dkt. No. 788.)

K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

3/29/10
Date