CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 3:01CV00116 |
| Plaintiff, | ) ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: B. WAUGH CRIGLER U.S. MAGISTRATE JUDGE |
| Defendants. | ) | |

This action is before the undersigned in accordance with an Order entered on March 26, 2010, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and to render a recommended disposition for the Receiver's March 15, 2010 Thirtieth Application for Allowance of Compensation and Expenses for Receiver ("Thirtieth Application" or "Application"). For the following reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Thirtieth Application, approving the Receiver's fees and expenses, and AWARDING the holdback in the amount of $3,361.86.

## BACKGROUND

On July 12, 2002, the court entered an Order appointing Roy M. Terry, Jr. and the law firm of DuretteBradshaw PLC as Receiver for the benefit of the investors to handle the assets of defendants Terry L. Dowdell, Dowdell Dutcher & Associates, Inc., and Emerged Market Securities, DE-LLC. (Dkt. No. 243, p. 2.) The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which

defendants held a legal or equitable interest. (Dkt. No. 243, p. 4.) Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. (Dkt. Nos. 288, 381.)

On September 12, 2002, the court entered an Order ("Administrative Order") establishing administrative procedures and approving the engagement of the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (Dkt. No. 287.) The Administrative Order approved the hourly fees submitted by the Receiver for individual attorneys, including both associates and partners, with hourly rates ranging from $130 to $300.[1] (Dkt. No. 268, Exhibit B.) The Administrative Order also set hourly rates for paralegals working for the Receiver at hourly rates ranging from $70 to $90.[2] (*Id.*)

The Receiver's first motion to modify the Administrative Order was filed on June 9, 2004, at which time, the Receiver sought an hourly rate increase. (Dkt. No. 531.) On September 30, 2004, the court granted the Receiver's motion approving new hourly rates for counsel ranging from $145 to $300 and paralegal hourly rates ranging from $80 to $90. (*Id.* at Exhibit A; Dkt. No. 551.)

On May 12, 2006, the Receiver moved to amend the Administrative Order a second time. (Dkt. No. 618.) The motion was granted on June 9, 2006, and both Receiver's counsel and paralegals were permitted to increase their hourly rates. (Dkt. No. 623.) The new hourly rates

---

[1] The hourly rates charged by the Receiver's counsel were less than their standard hourly rates. For instance, Roy M. Terry, Jr.'s standard hourly rate was $225, but the hourly rate he charged was $200. (Dkt. No. 268, Exhibit B, p. 1.)

[2] The hourly rates charged by the Receiver's staff were also less than their standard hourly rates. (*Id.*)

for counsel ranged from $153 to $ 312, and the new paralegal hourly rates ranged from $80 to $146. (Dkt. No. 618, Exhibit A.)

On October 1, 2008, the Receiver filed a third motion to modify the Administrative Order seeking an increase in the Receiver's fees. (Dkt. No. 785.) On October 21, 2008, the motion was granted. (Dkt. No. 788.) The court's Order provides that, to the extent the Receiver is required to use additional staff, it is to discount their hourly rates by ten percent, rounded down to the nearest dollar. (*Id.* at pp. 1, 2.) The Order also provides that the Receiver's associate and paralegal rates are approved retroactive to their date of employment, and that the rate increases for the Receiver will become effective October 1, 2008. (*Id.*)

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

In the Thirtieth Application, the Receiver seeks approval of compensation in the amount of $16,809.30 and reimbursement of expenses in the amount of $67.67 incurred between November 25, 2009 through February 25, 2010. (Application, pp. 1, 2, 6.) The Receiver has been reimbursed for eighty percent of his fees together with the full amount of his claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $3,361.86. (*Id.* at p. 6.)

The hourly rates charged in the Thirtieth Application are consistent with those approved by the court's October 21, 2008 Order granting the Receiver's Third Motion to Modify. (Dkt. Nos. 785, 788.) Thus, the undersigned finds that the Receiver is requesting compensation at a reasonable hourly rate.

The Receiver is billing for 88.6 hours of work. (Application, pp. 4-6.) This number of hours appears reasonable.

For the foregoing reasons, the undersigned RECOMMENDS that the presiding court enter an Order GRANTING the Thirtieth Application, approving the Receiver's fees and expenses, and AWARDING the holdback in the amount of $3,361.86.

The Clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to counsel of record for the Receiver and the SEC.

ENTERED: /s/ 
United States Magistrate Judge

3-30-2010
Date