CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

SEP 26 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CASE NO. 3:01CV00116 |
| Plaintiff, | ) ) ) | REPORT AND RECOMMENDATION |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: B. WAUGH CRIGLER |
| Defendants. | ) ) | U.S. MAGISTRATE JUDGE |

This action is before the undersigned in accordance with an Order entered on August 29, 2012, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and to render a recommended disposition for the Receiver's August 17, 2011 Thirty-Fifth Interim Application for Allowance of Compensation and Expenses for Receiver ("Thirty-Fifth Application" or "Application"). For the following reasons, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING, in part, and DENYING, in part, the Receiver's Thirty-Fifth Application. The Application should be GRANTED to the extent that the expenses in the amount of $1.76 are approved, the Receiver's fees in the amount of $5,011.60 are approved, and the Receiver should be AWARDED the holdback in the amount of $769.52.

**BACKGROUND**

On July 12, 2002, the court entered an Order appointing Roy M. Terry, Jr. and the law firm of DuretteBradshaw PLC as Receiver for the benefit of the investors to handle the assets of defendants Terry L. Dowdell, Dowdell Dutcher & Associates, Inc., and Emerged Market

Securities, DE-LLC. (Dkt. No. 243, p. 2.) The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. (*Id.* at p. 4.) Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. (Dkt. Nos. 288, 381.)

On September 12, 2002, the court entered an Order ("Administrative Order") establishing administrative procedures and approving the engagement of the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (Dkt. No. 287.) The Administrative Order approved the hourly fees submitted by the Receiver for individual attorneys, including both associates and partners, with hourly rates ranging from $130 to $300.[1] (Dkt. No. 268, Exhibit B.) The Administrative Order also sets hourly rates for paralegals working for the Receiver at hourly rates ranging from $70 to $90.[2] (*Id.*)

The Receiver's first motion to modify the Administrative Order was filed on June 9, 2004, at which time, the Receiver sought an hourly rate increase. (Dkt. No. 531.) On September 30, 2004, the court granted the Receiver's motion approving new hourly rates for counsel ranging from $145 to $300 and paralegal hourly rates ranging from $80 to $90. (*Id.* at Exhibit A; Dkt. No. 551.)

On May 12, 2006, the Receiver moved to amend the Administrative Order a second time. (Dkt. No. 618.) The motion was granted on June 9, 2006, and both Receiver's counsel and

---

[1] The hourly rates charged by the Receiver's counsel were less than their standard hourly rates. For instance, Roy M. Terry, Jr.'s standard hourly rate was $225, but the hourly rate he charged was $200. (Dkt. No. 268, Exhibit B, p. 1.)
[2] The hourly rates charged by the Receiver's staff were also less than their standard hourly rates. (*Id.*)

2

paralegals were permitted to increase their hourly rates. (Dkt. No. 623.) The new hourly rates for counsel ranged from $153 to $ 312, and the new paralegal hourly rates ranged from $80 to $146. (Dkt. No. 618, Exhibit A.)

On October 1, 2008, the Receiver filed a third motion to modify the Administrative Order seeking an increase in the Receiver's fees. (Dkt. No. 785.) On October 21, 2008, the motion was granted. (Dkt. No. 788.)

On March 15, 2010, the Receiver filed a fourth motion to modify the Administrative Order to allow for an increase in the hourly rate charged by the Receiver. (Dkt. No. 852.) The court granted the Receiver's motion approving new hourly rates for counsel ranging from $212 to $315 and a new paralegal hourly rate of $110. (Dkt. No. 865.)

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

In the Thirty-Fifth Application, the Receiver seeks approval of compensation in the amount of $5,302.60 and reimbursement of expenses in the amount of $70.56 incurred between August 1, 2011 through November 30, 2011. (Application, pp. 1, 5, 7.) The Receiver has been reimbursed for eighty percent of his fees, together with the full amount of his claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $1,060.52. (*Id.* at pp. 5, 7.)

The hourly rates charged in the Thirty-Fifth Application are consistent with those approved by the court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify. (Dkt. No. 865.) Thus, the undersigned finds that the Receiver is requesting compensation at a reasonable hourly rate.

3

The undersigned, however, is of the view that certain charges claimed in the application should be reduced. On September 28, 2011, 0.10 of an hour ($22.50) was billed by John C. Smith for printing out drafts of 2009 Financial Statements. (Application, Exhibit A, p. 3.) Smith is an attorney principal with a court-approved rate of $225.00 per hour. This task clearly is administrative and not legal, and as such, it could have been performed by paralegal Stephanie M. Ryan, who has an hourly rate of $110.00, or by other staff whose overhead is built in to the reasonable hourly rates of counsel. Accordingly, the undersigned concludes that the amount received by the Receiver should be reduced by $11.50.

On October 4, 2011, Smith charged for 0.20 of an hour ($45.00) for time spent printing and saving an email to the file. (*Id.* at p. 5.) This, too, was an administrative task. Thus, the amount should be reduced to $23.00.

On November 7, 2011, Smith met with William J. Seidel and charged $67.50. (*Id.* at p. 7.) Seidel charged $126.00 for his involvement in this meeting. (*Id.*) The meeting addressed "changing authorized account signatories and change in law firms." (*Id.*) The undersigned does not believe there should have been any charge because it was brought about by the Receiver's decision to change firms. Accordingly, there should be a reduction of $193.50.

On November 28, 2011, Seidel charged $94.50 for 0.30 of an hour spent reviewing a check request and signing checks. (*Id.*) This task should have involved no more than 0.10 of an hour, or $31.50. Accordingly, there should be a reduction of $63.00.

The undersigned further finds that certain reductions are warranted in the Application as it relates to the Receiver's claimed expenses. Specifically, the following: (1) On July 19, 2011, the Receiver charged for $17.64 on an overnight delivery expense to SEC Attorney Steven J.

4

Levine. (Application, Exhibit E, p. 1); (2) On August 18, 2011, there was an overnight delivery to Levine at a cost of $17.64. (*Id.* at p. 2); (3) On September 21, 2011, Levine was sent an overnight delivery at a cost was $17.72. (*Id.* at p. 3); and (4) On October 21, 2011, Levine was sent an overnight delivery at the cost of $17.56. (*Id.* at p. 4.) The Application does not state why the expense of overnight delivery was warranted in these four instances, and the undersigned cannot fathom why, at this stage, it was necessary that Levine receive any materials overnight. Moreover, first class mail rates at the time began at .44, and there were various electronic means to transmit documents to Levine at no cost. Accordingly, the undersigned recommends that the cost of these four deliveries should be reduced to $1.76.

For all these reasons, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING, in part, and DENYING, in part, the Receiver's Thirty-Fifth Application. The Application should be GRANTED to extent that the expenses in the amount of $1.76 are approved, the Receiver's fees in the amount of $5,011.60 are approved, and the Receiver should be AWARDED the holdback in the amount of $769.52.

The Clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or

findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

Sept 26, 2012
Date