CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 24 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 3:01CV00116 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| TERRY L. DOWDELL, et al., | By: B. WAUGH CRIGLER |
| Defendants. | U.S. MAGISTRATE JUDGE |

This action is before the undersigned in accordance with an Order entered on January 22, 2013, under authority of 28 U.S.C. §§ 636(b)(1)(A), (b)(1)(B), and (b)(3), directing the undersigned to conduct proceedings necessary to determine the necessity and justice of the requested compensation and reimbursements and to render a recommended disposition for the Receiver's January 14, 2013 Thirty-Sixth Interim Application for Allowance of Compensation and Expenses for Receiver and Counsel for Receiver ("Thirty-Sixth Application" or "Application"). For the following reasons, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING, in part, and DENYING, in part, the Receiver's Thirty-Sixth Application. The Application should be GRANTED to the extent that the expenses in the amount of $85.16 are approved, the Receiver's fees in the amount of $20,132.70 are approved, and the Receiver should be AWARDED the holdback in the amount of $3713.59.

**BACKGROUND**

On July 12, 2002, the court entered an Order appointing Roy M. Terry, Jr. and the law firm of DuretteBradshaw PLC as Receiver for the benefit of the investors to handle the assets of defendants Terry L. Dowdell, Dowdell Dutcher & Associates, Inc., and Emerged Market

Securities, DE-LLC. (Dkt. No. 243, p. 2.) The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. (*Id.* at p. 4.) Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. (Dkt. Nos. 288, 381.)

On September 12, 2002, the court entered an Order ("Administrative Order") establishing administrative procedures and approving the engagement of the accounting firm Keiter, Stephens, Hurst, Gary & Shreaves, P.C. ("Accountant"). (Dkt. No. 287.) The Administrative Order approved the hourly fees submitted by the Receiver for individual attorneys, including both associates and partners, with hourly rates ranging from $130 to $300.[1] (Dkt. No. 268, Exhibit B.) The Administrative Order also sets hourly rates for paralegals working for the Receiver at hourly rates ranging from $70 to $90.[2] *Id.*

The Receiver's first motion to modify the Administrative Order was filed on June 9, 2004, at which time, the Receiver sought an hourly rate increase. (Dkt. No. 531.) On September 30, 2004, the court granted the Receiver's motion approving new hourly rates for counsel ranging from $145 to $300 and paralegal hourly rates ranging from $80 to $90. (*Id.* at Exhibit A; Dkt. No. 551.)

On May 12, 2006, the Receiver moved to amend the Administrative Order a second time. (Dkt. No. 618.) The motion was granted on June 9, 2006, and both Receiver's counsel and

---

[1] The hourly rates charged by the Receiver's counsel were less than their standard hourly rates. For instance, Roy M. Terry, Jr.'s standard hourly rate was $225, but the hourly rate he charged was $200. (Dkt. No. 268, Exhibit B, p. 1.)

[2] The hourly rates charged by the Receiver's staff were also less than their standard hourly rates. *Id.*

2

paralegals were permitted to increase their hourly rates. (Dkt. No. 623.) The new hourly rates for counsel ranged from $153 to $ 312, and the new paralegal hourly rates ranged from $80 to $146. (Dkt. No. 618, Exhibit A.)

On October 1, 2008, the Receiver filed a third motion to modify the Administrative Order seeking an increase in the Receiver's fees. (Dkt. No. 785.) On October 21, 2008, the motion was granted. (Dkt. No. 788.)

On March 15, 2010, the Receiver filed a fourth motion to modify the Administrative Order to allow for an increase in the hourly rate charged by the Receiver. (Dkt. No. 852.) The court granted the Receiver's motion approving new hourly rates for counsel ranging from $212 to $315 and a new paralegal hourly rate of $110. (Dkt. No. 865.)

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

In the Thirty-Sixth Application, the Receiver seeks approval of compensation in the amount of $20,452.80 and reimbursement of expenses in the amount of $142.03 incurred from December 1, 2011 through September 30, 2012. (Application, pp. 6.) The Receiver has been reimbursed for eighty percent of his fees, together with the full amount of his claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $4,090.56. (*Id.* at pp. 6.)

The hourly rates charged in the Thirty-Sixth Application are consistent with those approved by the court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify. (Dkt. No. 865.) Thus, the undersigned finds that the Receiver is requesting compensation at a reasonable hourly rate.

3

The undersigned, however, is of the view that certain charges claimed in the application should be reduced. On August 24, 2012, Roy M. Terry charged $62.20 for 0.20 of an hour spent calling and leaving a voicemail with chambers to reschedule a hearing. (Application, Exhibit A, p. 23) This task should have involved no more than 0.10 of an hour, or $31.10. On October 11, 2012, Stephanie M. Ryan charged $22.00 for 0.20 of an hour spent forwarding a final petition to Roy Terry. (*Id.* at 29.) This, too, should have involved no more than 0.10 of an hour, or $11.00. Accordingly, there should be a reduction of $42.10.

On July 17, 2012, Stephanie M. Ryan charged for 0.20 of an hour ($22.00) for time spent discussing filing a notice of change of firm. (*Id.* at 21.) John C. Smith charged $292.50 for 1.30 hours on this date, part of which was spent preparing the notice of change of address and firm affiliation. (Application, Exhibit G, p. 84.) Smith spent the rest of that time reviewing a request for admission responses and downloading the docket and other documents; he did not provide a breakdown of how the time was spent. In other words, this appears to be block billing. Given the amount of time Smith generally charged for reviewing documents, the undersigned is of the view that 0.70 of an hour reviewing the request and downloading the docket would be reasonable. Therefore, $135.00, or .060 of an hour, is attributable to Smith's preparation of the notice. On September 12, 2012, Ryan charged $44.00 for .40 of an hour spent researching the process employed to file notice of change of address and firm affiliation. (Application, Exhibit A, p. 25.) On September 13, 2012, Ryan charged $77.00 for .70 of an hour spent finalizing and forwarding the notice. (*Id.*) The undersigned does not believe these charges are reasonable because they are the consequence of the Receiver's decision to change firms. Accordingly, the undersigned concludes that the amount received by the Receiver should be reduced by $278.00.

4

The undersigned further finds that certain reductions are warranted in the Application as it relates to the Receiver's claimed expenses. Specifically, the following: (1) On April 23, 2012, the Receiver charged for $16.62 on an overnight delivery expense to the SEC. (Application, Exhibit H, p. 86); (2) On June 21, 2012, there was an overnight delivery to SEC Attorney Steven J. Levine at a cost of $16.70. (*Id.* at 88); (3) On September 14, 2012, Levine was sent an overnight delivery at a cost of $16.26. (*Id.* at 90); and (4) On September 14, 2012, there was a second charge of $8.64 for correction of an error in the overnight delivery. (*Id.*) The Application does not state any compelling reason to incur the expense of overnight delivery in these three instances, and the undersigned cannot fathom why, at this stage, it was necessary that Levine receive the materials overnight. Moreover, first class mail rates at the time began at $.45, and there were various electronic means to transmit documents to Levine at no cost. The undersigned also does not believe the Receiver's charge which accrued as the result of his own error should be reimbursed. Accordingly, the undersigned recommends that the cost of these three delivery charges should be reduced to $1.35.

For all these reasons, the undersigned RECOMMENDS that the presiding District Judge enter an Order GRANTING, in part, and DENYING, in part, the Receiver's Thirty-Sixth Application. The Application should be GRANTED to extent that the expenses in the amount of $85.16 are approved, the Receiver's fees in the amount of $20,132.70 are approved, and the Receiver should be AWARDED the holdback in the amount of $3713.59.

The Clerk is directed to immediately transmit the record in this case to the Honorable Norman K. Moon, United States District Judge. Those affected by this Report and Recommendation are reminded that pursuant to Rule 72(b) they are entitled to note objections, if

5

any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

Date Jan 24 2013