IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| | ) | Civil Action No. 3:01-cv-116 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Thirty-Seventh Interim Application for Allowance of Compensation and Expenses for Receiver and Counsel for Receiver ("Thirty-Seventh Application") (Dkt. No. 936), seeking approval of $18,931.70 in fees, reimbursement of expenses in the amount of $0.00 for Sands Anderson PC., and payment of the 20% holdback amount of $3,786.34. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the application For the reasons set forth below, I recommend that the Thirty-Seventh Application be **GRANTED in part, and DENIED in part**, the Receiver's fees in the amount of $18,632.50 approved, and the Receiver should be **AWARDED** the holdback in the amount of $3,726.50.

## FACTS

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243. The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants

held a legal or equitable interest. Dkt. No. 243, p.4. Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. Dkt. Nos. 288, 381.

On September 12, 2002, the Court entered an Order ("Administrative Order") establishing administrative procedures. Dkt. No. 287. The Administrative Order approved hourly rates for individual attorneys and paralegals working for the Receiver. Those rates have been modified by several orders; most recently by Order dated May 6, 2010. Dkt. No. 865.

In this Thirty-Seventh Application, the Receiver seeks approval of $18,931.70 in fees for the time billed from December 1, 2012 through November 30, 2013. The Receiver has been reimbursed for eighty percent of his fees, together with the full amount of claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $3,786.34. Dkt. No. 936, p. 8.

The hourly rates charged in the Thirty-Seventh Application are consistent with those approved by the Court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that the Receiver is requesting compensation at a reasonable hourly rate.

The Receiver is billing for 103.2 hours of work. In light of the work performed and the progress achieved, I find the hours charged to be reasonable except as noted below.

> 1. The administration invoice dated November 12, 2013 (Dkt. No. 926 Ex. A) contains duplicative entries in the amount of .6 hours for the work performed by Stephanie M. Ryan. This invoice should be reduced by $66.00.
>
> 2. The fee application invoices dated February 11, 2013, March 5, 2013, April 4, 2013, May 9, 2013, June 13, 2013, August 7, 2013, September 12, 2013, October 9, 2013, November 12, 2013, and December 6, 2013 (Dkt. No. 936 Ex. E) each contain an entry for .1 hour in the amount of $21.20 for time spent reviewing bills for compliance with billing guidelines. The court does not take issue with time spent preparing a fee application. See American Canoe

<u>Association, Inc v. U.S.E.P.A.</u>, 138 F. Supp. 2d 722, 745–747 (E.D. Va. 2001).  However, the court will not approve as reimbursable amount time spent to comply with the reasonable billing guidelines established for the orderly administration of this fee process.  Accordingly, these bills should be reduced by the total of 1.1 hours in the amount of $233.20.

For the foregoing reasons, I recommend that the court enter an order **GRANTING in part, and DENYING in part** the Thirty-Seventh Application, approve the Receiver's fees in the amount of $18,632.50 and expenses, and **AWARD** the holdback amount of $3,726.50.

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter:  February 24, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge