IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| | ) | Civil Action No. 3:01-cv-116 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Thirteenth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Thirteenth Application") (Dkt. No. 943), seeking approval of $19,747.50 in fees, reimbursement of expenses in the amount of $360.81, and payment of the 20% holdback amount of $4,095.00, which includes a net adjustment of $145.50. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the application For the reasons set forth below, I recommend that the Thirteenth Application be **GRANTED in part and DENIED in part**, and the Accountant's fees in the amount of $18,582.00, with a net adjustment of $145.50, for a total fee of $18,727.50 be approved. The Receiver should be **AWARDED** the holdback in the amount of $2,784.00, along with the $145.50 net adjustment for a total of $2,929.50.

## FACTS

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243. The Order provides that all compensation for the Receiver

and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. Dkt. No. 243, p.4. Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. Dkt. Nos. 288, 381.

On September 12, 2002, the Court entered an Order ("Administrative Order") establishing administrative procedures. Dkt. No. 287. The Administrative Order approved the employment of the Accountant by the Receiver and approved hourly rates for the Accountant's staff. Those rates have been modified by several orders; most recently by Order dated May 6, 2010. Dkt. No. 865.

In this Thirteenth Application, the Accountant seeks approval of $19,747.50 in fees for the time billed from October 1, 2012 through December 31, 2013. The Accountant has been reimbursed for eighty percent of its fees billed under this application ($15,798.00), together with the full amount of claimed expenses, and it now seeks approval of the entire claim with an award of the holdback in the amount of $4,095.00, which includes a net adjustment of $145.00. Dkt. No. 943, p.1.

The hourly rates charged in the Thirteenth Application are consistent with those approved by the Court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that the Accountant is requesting compensation at a reasonable hourly rate.

The Accountant is billing for 101.1 hours of work. In light of the work performed and the progress achieved, I find the hours charged to be reasonable except as noted below.

1. The Accountant seeks compensation for 7.7 hours spent on October 11 and 12, 2012 to collect data for the Twelfth Interim Fee Application, to prepare the schedules and the fee application and to review the application with the Receiver's counsel. The Accountant sought approval of a total fee of $3,636.20 in the Twelfth Interim Fee Application. The time incurred by the

Accountant in the Seventh through the Twelfth Interim Fee Applications has been much less for preparation of fee requests, including requests for periods when the Accountant was much more involved in the administration of the case than in the Twelfth Interim Fee Application.[1]

Having reviewed the bills submitted and without any further explanation from either the Receiver or the Accountant as to why the Accountant expended 7.7 hours to prepare the Twelfth Interim Fee Application, I find that 4.0 hours is a reasonable amount. Thus, I reduce the total amount billed for the fee application by 3.7 hours or $1,165.50 (3.7 hours at $315.00 per hour).

For the foregoing reasons, I recommend that the court enter an order **GRANTING in part and DENYING in part** the Thirteenth Application, and approving the Accountant's fees in the amount of $18,582.00, plus the adjustment of $145.50, and expenses. The Accountant has been paid $15,798.00 of the approved amount and thus is **AWARDED** $2,784.00 of the holdback amount along with the net adjustment of $145.50, for a total of $2929.50.

---

[1] A review of the previous fee applications reflect the following hours billed to prepare fee applications :Twelfth (4.00 hours), Eleventh (6.85 hours), Tenth (3.5 hours), Ninth (3.5 hours), Eighth (.3 hours) and Seventh (5.5 hours).

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: November 7, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge