IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Civil Action No. 3:01-cv-116 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Fourteenth Interim Application for Allowance of Compensation and Expenses for Accountant to the Receiver ("Fourteenth Application") (Dkt. No. 953), seeking approval of $9,407.50 in fees, reimbursement of expenses in the amount of $185.37, and payment of the 20% holdback amount of $1,881.50. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the application  For the reasons set forth below, I recommend that the Fourteenth Application be **GRANTED in part and DENIED in part**, and the Accountant's fees in the amount of $8,273.50 be approved.  The Receiver should be **AWARDED** the holdback in the amount of $747.50.

## FACTS

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243.  The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants

held a legal or equitable interest. Dkt. No. 243, p.4. Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. Dkt. Nos. 288, 381.

On September 12, 2002, the Court entered an Order ("Administrative Order") establishing administrative procedures. Dkt. No. 287. The Administrative Order approved the employment of the Accountant by the Receiver and approved hourly rates for the Accountant's staff. Those rates have been modified by several orders; most recently by Order dated May 6, 2010. Dkt. No. 865.

In this Fourteenth Application, the Accountant seeks approval of $9,407.50 in fees for the time billed from January 1, 2014 through December 31, 2014. The Accountant has been reimbursed for eighty percent of its fees billed under this application ($7,526.00), together with the full amount of claimed expenses, and it now seeks approval of the entire claim with an award of the holdback in the amount of $1,881.50. Dkt. No. 953.

The hourly rates charged in the Fourteenth Application are consistent with those approved by the Court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that the Accountant is requesting compensation at a reasonable hourly rate.

The Accountant is billing for 52.60 hours of work. In light of the work performed and the progress achieved, I find the hours charged to be reasonable except as noted below.

1. The Accountant seeks compensation for 7.2 hours spent to collect data for the Thirteenth Interim Fee Application, to prepare the schedules and the fee application and to review the application with the Receiver's counsel. Having reviewed the Accountant's past thirteen interim fee applications, I find that the applications are largely repetitive, with a form cover letter and appendices that simply require plugging in the appropriate numbers. I find that 7.2 hours is not a reasonable amount of time to prepare the Accountant's fee application, and instead approve half of the time sought, or 3.6 hours to prepare the fee application. Thus, I reduce

the total amount billed for the fee application by 3.6 hours or $1,134.00 (3.6 hours at $315.00 per hour).

For the foregoing reasons, I recommend that the court enter an order **GRANTING in part and DENYING in part** the Fourteenth Application, and approving the Accountant's fees in the amount of $8,273.50, and expenses. The Accountant has been paid $7,526.00 of the approved amount and thus is **AWARDED** $747.50 of the holdback amount.

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: July 18, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge