**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | Civil Action No. 3:01-cv-116 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TERRY L. DOWDELL, et al., | ) ) | By: Hon. Robert S. Ballou United States Magistrate Judge |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Fortieth Interim Application for Allowance of Compensation and Expenses for Receiver and Counsel for Receiver ("Fortieth Application") (Dkt. No. 959), seeking approval of $20,930.70 in fees, and payment of the 20% holdback amount of $4,186.14. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the application For the reasons set forth below, I recommend that the Fortieth Application be **GRANTED in part, and DENIED in part**, the Receiver's fees in the amount of $20,116.70 be approved, and the Receiver be **AWARDED** the holdback in the amount of $3,372.14.

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243. The Order provides that all compensation for the Receiver and any personnel retained by the Receiver are to be paid out of the assets in which defendants held a legal or equitable interest. Dkt. No. 243, p.4. Subsequent Orders appointed the Receiver over defendants Authorized Auto Service, Inc. and Vavasseur Corporation. Dkt. Nos. 288, 381.

On September 12, 2002, the Court entered an Order ("Administrative Order") establishing administrative procedures for payment of the Receiver's fees and expenses. Dkt. No. 287. The Administrative Order approved hourly rates for individual attorneys and paralegals working for the Receiver. Those rates have been modified by several orders; most recently by Order dated May 6, 2010. Dkt. No. 865.

In this Fortieth Application, the Receiver seeks approval of $20,930.70 in fees for the time billed from April 1, 2016 through April 30, 2017. The Receiver has been reimbursed for eighty percent of his fees billed under this application ($16,744.56), together with the full amount of claimed expenses, and he now seeks approval of the entire claim with an award of the holdback in the amount of $4,186.14. Dkt. No. 959.

The hourly rates charged in the Fortieth Application are consistent with those approved by the Court's Order dated May 6, 2010, granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that the Receiver is requesting compensation at a reasonable hourly rate.

The Receiver is billing for 108.4 hours of work. In light of the work performed and the progress achieved, I find the hours charged to be reasonable except as noted below.

1. The Receiver seeks compensation for 13.5 hours spent to prepare and submit the Receiver's 39th Interim fee application, review and submit the Accountant's 14th interim fee application and review of billing for compliance with guidelines. Having reviewed the Receiver and Accountant's past interim fee applications, I find that the applications are largely repetitive, with invoices that are printed from the firms' billing systems. Further, the Receiver's fee application invoices dated June 9, 2016, August 19, 2016, September 14, 2016, January 20, 2017, March 10, 2017, and April 13, 2017 (Dkt. No. 959 Ex. C) each contain entries for time spent reviewing bills for compliance with billing guidelines. The court does not take issue with time spent preparing a fee application. See American Canoe Association, Inc v. U.S.E.P.A., 138 F. Supp. 2d 722, 745–747 (E.D. Va. 2001). However, I find that 13.5 hours

is not a reasonable amount of time to prepare the fee applications, and I will not approve time spent to comply with the reasonable billing guidelines established for the orderly administration of this fee process as a reimbursable amount. Accordingly, the bills will be reduced by 1.4 hours billed to review invoices for compliance with billing guidelines at a rate of $110.00 per hour, in the total amount of $154.00. The remaining time billed to prepare fee applications of 12.1 hours (13.5 -1.4= 12.1) will be reduced by 6 hours at a rate of $110.00 an hour, in the total amount of $660.00. Thus, I reduce the total amount billed by the Receiver to prepare fee applications by $814.00.

For the foregoing reasons, I recommend that the court enter an order **GRANTING in part, and DENYING in part** the Fortieth Application, approve the Receiver's fees in the amount of $20,116.70 and expenses. The Receiver has been paid $16,744.56 of the approved amount, and thus is **AWARDED** $3,372.14 from the holdback amount.

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: August 15, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge