CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
12/27/2017
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:01-cv-116 ) ) |
| v. | ) ) |
| TERRY L. DOWDELL, et al., | ) By: Hon. Robert S. Ballou ) United States Magistrate Judge |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Before the Court is the Receiver's Report in Preparation for Final Distribution and Motions to Conclude Receivership. Dkt. No. 965. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the motion.

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243. On June 23, 2017, the Receiver filed his Final Report and requested approval to conclude the Receivership. Dkt. No. 965. The Receiver represents that the majority of civil judgments payable to the Receiver have been satisfied or discharged in bankruptcy, and that any further civil judgments are uncollectible. See Dkt. No. 965 at 6–7, 19. The Receiver also filed a Final Accounting demonstrating what has been received by the Receivership through various streams of restitution payments. The Receiver represents that he made three distributions against the Approved Claims, which in the aggregate provided a 59% return to investors. The Receiver further represents that all claims in this matter have been adjudicated, the majority of funds collected by the Receiver have been disbursed the investors,

and the Receiver completed his final administration in this case. The Receiver now requests authority to complete his administration, make a final distribution to investors and be discharged as Receiver.

Having reviewed the Receiver's motion to conclude receivership and report in preparation for final distribution, and it appearing that any further efforts by the Receiver to collect disgorgement under the final judgments obtained by the SEC in this civil action would not be cost effective and would not serve the public interest, I recommend as follows:

1. The Motion to Approve Financial Statements, attached as Exhibit A to the Receiver's Report in Preparation for Final Distribution (Dkt. No. 965) be **GRANTED**.

2. The Final Report be **APPROVED**.

3. The Receiver be authorized to establish a reserve of $30,323 for fees needed to conclude the receivership.

4. The Receiver be authorized to pay from the reserve any reasonable professional fees and expenses performed after April 30, 2017, including the conclusion of activities undertaken in implementing the provisions of this Report and Recommendation. The Receiver shall seek court approval for any professional fees and expenses to be paid greater than five thousand dollars ($5,000.00).

5. The Receiver and his agents be authorized to undertake any and all activities necessary to wind up the affairs of the Receivership, including but not limited to, filing tax returns for 2016 and 2017.

6. The Receiver be authorized in his discretion to destroy all of the pre-receivership records and records created during the course of the Receivership that he deems unnecessary to

maintain. The Receiver shall exercise sound business judgment in executing document retention decisions.

7. The Receiver be authorized to make a final distribution to investor claimants. Any funds from the final distribution not claimed within ninety (90) days from the date on the check shall be forfeited to the Clerk of Court.

8. After all activities of the Receiver have been completed, the Receiver shall: a) pay into a Court deposit fund all forfeited and unclaimed funds, judgment payments, restitution payments, and unused funds from the reserve; b) provide to the Clerk of Court in a compatible electronic format the Receiver's mailing matrix listing the percentage of distribution to each claimant with an Approved Claim, and any related information including the balance due on each Approved Claim; c) file a supplemental accounting of all activity after December 31, 2016, and c) file a Notice with the Court advising that all matters of the Receivership have been concluded. The Receiver shall file the Notice within seven (7) months from the entry of an order approving the Motion to Conclude Receivership.

9. Within thirty (30) days of entry of an order approving the Motion to Conclude Receivership, the Receiver shall provide to the Clerk of Court the remaining amount of restitution due in *USA v. Dowdell*, No. 3:02-cr-107.

10. Upon receiving funds from the Receiver at the conclusion of the Receivership, the Clerk of Court shall: a) place those funds into the deposit fund currently existing for criminal cases *USA v. Dowdell*, No. 3:02-cr-107 and *USA v. Ganger, et al.*, No. 3:07-cr-10; b) allocate the funds against those defendants ordered to pay restitution in both cases on a

pro rata basis; c) and maintain the deposit fund in the Clerk of Court's usual procedure and course of business.

11. Upon filing of the Notice that the Receivership is concluded, the Receivership shall be terminated and the Receiver will be discharged from any and all claims and causes of action which might be brought against him arising from his administration of the assets turned over to him.

12. If the Receiver or Securities and Exchange Commission is presented with additional funds from civil judgments after the conclusion of this Receivership, those funds shall be promptly remitted to the Court.

13. The Court shall enter an order in the criminal cases *USA v. Dowdell*, No. 3:02-cr-107 and *USA v. Ganger, et al.*, No. 3:07-cr-10 that all future payments on judgments or restitution payable to the Receiver shall be paid into the Court for disbursement through the Court's deposit fund, rather than the Receiver.

14. The Clerk shall send a copy of the Final Order concluding the Receivership to the Federal Court for the District of Arizona and request that the Court enter an order in the criminal action for Michael Hardesty, No. 2:09-cr-50129, directing that all future restitution payments be paid to the Clerk of Court for the Western District of Virginia.

15. The Court shall retain jurisdiction of any future claims or actions against the Receiver arising out of his duties as Receiver and for management of all funds received.

Accordingly, I **RECOMMEND** that the court enter an order **APPROVING** the Receiver's Final Report and **GRANTING** the Receiver's Motion to Conclude Receivership.

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to

counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

      Enter: December 27, 2017

      /s/ Robert S. Ballou

      Robert S. Ballou
      United States Magistrate Judge