CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

02/01/2018

JULIA C. DUDLEY, CLERK
BY: H. Wheeler
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TERRY DOWDELL, *ET AL.*,<br><br>*Defendants*. | CASE NO. 3:01–cv–00116<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>JUDGE NORMAN K. MOON |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Robert S. Ballou on the Receiver's final report and motion to conclude the receivership. (Dkts. 965, 975). The period for objections to the R&R has expired without any objections being filed. Accordingly, the R&R is hereby **ADOPTED**, and it is **ORDERED** as follows:

1. The Motion to Approve Financial Statements, attached as Exhibit A to the Receiver's Report in Preparation for Final Distribution (Dkt. No. 965) is **GRANTED**.

2. The Final Report is **APPROVED**.

3. The Receiver is authorized to establish a reserve of $30,323 for fees needed to conclude the receivership.

4. The Receiver is authorized to pay from the reserve any reasonable professional fees and expenses performed after April 30, 2017, including the conclusion of activities undertaken in implementing the provisions of this Report and Recommendation. The Receiver shall seek court approval for any professional fees and expenses to be paid greater than five thousand dollars ($5,000.00).

5. The Receiver and his agents are authorized to undertake any and all activities necessary to wind up the affairs of the Receivership, including but not limited to, filing tax returns for 2016 and 2017.

6. The Receiver is authorized in his discretion to destroy all of the pre-receivership records and records created during the course of the Receivership that he deems unnecessary to maintain. The Receiver shall exercise sound business judgment in executing document retention decisions.

7. The Receiver is authorized to make a final distribution to investor claimants. Any funds from the final distribution not claimed within ninety (90) days from the date on the check shall be forfeited to the Clerk of Court.

8. After all activities of the Receiver have been completed, the Receiver shall: a) pay into a Court deposit fund all forfeited and unclaimed funds, judgment payments, restitution payments, and unused funds from the reserve; b) provide to the Clerk of Court in a compatible electronic format the Receiver's mailing matrix listing the percentage of distribution to each claimant with an Approved Claim, and any related information including the balance due on each Approved Claim; c) file a supplemental accounting of all activity after December 31, 2016, and c) file a Notice with the Court advising that all matters of the Receivership have been concluded. The Receiver shall file the Notice within seven (7) months from the entry of an order approving the Motion to Conclude Receivership.

9. Within thirty (30) days of entry of an order approving the Motion to Conclude Receivership, the Receiver shall provide to the Clerk of Court the remaining amount of restitution due in *USA v. Dowdell*, No. 3:02-cr-107.

10. Upon receiving funds from the Receiver at the conclusion of the Receivership, the Clerk of Court shall: a) place those funds into the deposit fund currently existing for criminal cases *USA v. Dowdell*, No. 3:02-cr-107 and *USA v. Ganger, et al.*, No. 3:07-cr-10; b) allocate the funds against those defendants ordered to pay restitution in both cases on a pro rata basis; c) and maintain the deposit fund in the Clerk of Court's usual procedure and course of business.

11. Upon filing of the Notice that the Receivership is concluded, the Receivership shall be terminated and the Receiver will be discharged from any and all claims and causes of action which might be brought against him arising from his administration of the assets turned over to him.

12. If the Receiver or Securities and Exchange Commission is presented with additional funds from civil judgments after the conclusion of this Receivership, those funds shall be promptly remitted to the Court.

13. The Court shall enter an order in the criminal cases *USA v. Dowdell*, No. 3:02-cr-107 and *USA v. Ganger, et al.*, No. 3:07-cr-10 that all future payments on judgments or restitution payable to the Receiver shall be paid into the Court for disbursement through the Court's deposit fund, rather than the Receiver.

14. The Clerk shall send a copy of the Final Order concluding the Receivership to the Federal Court for the District of Arizona and request that the Court enter an order in the criminal action for Michael Hardesty, No. 2:09-cr-50129, directing that all future restitution payments be paid to the Clerk of Court for the Western District of Virginia.

15. The Court shall retain jurisdiction of any future claims or actions against the Receiver arising out of his duties as Receiver and for management of all funds received.

It is so ordered. The Clerk is directed to close this case for administrative and statistical purposes.

Entered this  1st  day of February, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE