CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/13/2019
JULIA C. DUDLEY, CLERK
BY: /s/ H. Wheeler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:01-cv-116 ) ) |
| v. | ) ) |
| TERRY L. DOWDELL, et al., | ) By: Hon. Robert S. Ballou ) United States Magistrate Judge |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is the Receiver's Motion to Amend Reserve Amount and Authorize Payment of Professionals Fees and Expenses. Dkt. No. 981. This matter is before me by referral pursuant to 28 U.S.C. § 636(b)(1) and (b)(3), directing me to submit to the court my proposed findings of fact and recommendations regarding the motion.

On July 12, 2002, the Court entered an Order Directing Appointment of Receiver of Defendants Terry L. Dowdell, Dowdell, Dutcher & Associates, Inc. and Emerged Market Securities, DE-LLC. Dkt. No. 243.  On June 23, 2017, the Receiver filed his Final Report and requested approval to conclude the Receivership. Dkt. No. 965.  On February 1, 2018, the Court entered an Order approving the Receiver's Report in Preparation for Final Distribution, establishing a reserve of $30,323 for fees needed to conclude the receivership, and authorizing the Receiver to pay from the reserve any reasonable professional fees and expenses of $5,000 or less. Dkt. No. 976.

The Receiver represents that he has incurred additional unanticipated fees related to the tasks required to conclude the receivership, and requests that the Court increase the original reserve amount by $29,496.62. Dkt. No. 981, p. 4

The Receiver also requests that the court approve payment of professional fees and expenses to the Receiver's law firm, Sands Anderson PC, in the amount of $35,346.59, incurred from May 1, 2017 through February 28, 2019. Dkt. No. 981, p. 4.  Sands Anderson has been reimbursed for $5,000.00 as permitted in the Order, and the Receiver now seeks approval of the balance due of $30,346.59. Dkt. No. 981, p. 4.

The hourly rates charged by Sands Anderson are consistent with those approved by the Court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that Sands Anderson is requesting compensation at a reasonable hourly rate. Sands Anderson is billing for approximately 138.9 hours of work. Considering the work performed and the progress achieved, I find the hours charged to be reasonable, with the following exception:

1. The fee application contains entries for time spent reviewing bills for compliance with billing guidelines.  The court does not take issue with time spent preparing a fee application.  See American Canoe Association, Inc v. U.S.E.P.A., 138 F. Supp. 2d 722, 745–747 (E.D. Va. 2001).  However, the court will not approve as a reimbursable amount time spent to comply with the reasonable billing guidelines established for the orderly administration of this fee process.  Accordingly, these bills should be reduced by the total of 1.1 hours billed at a rate of $110.00 per hour, in the total amount of $121.00.

The Receiver also seeks approval to pay professional fees and expenses to Keiter, the Receiver's CPA firm, in the amount of $6,698.03 for fees and expenses incurred from May 1, 2017 through June 30, 2018. Dkt. No. 981, p. 4. Keiter has already been paid $5,000.00 per the Order, and now seeks approval of the net balance of $1,698.03. Id.

The hourly rates charged by Keiter are consistent with those approved by the Court's May 6, 2010 Order granting the Receiver's Fourth Motion to Modify the Administrative Order. Dkt. No. 865. Thus, I find that Keiter is requesting compensation at a reasonable hourly rate.

Keiter is billing for 28.88 hours of work. Considering the work performed and the progress achieved, I find the hours charged to be reasonable.

The Receiver also requests approval to pay additional compensation to the Receiver's professionals for the conclusion of the receivership, not to exceed the amount of $13,500 to Sands Anderson PC and $4,275.00 to Keiter, without further application or order of this Court. I recommend that the Court continue to require the Receiver to seek court approval for any professional fees and expenses to be paid greater than five thousand dollars ($5,000.00).

Having reviewed the Receiver's Motions to Amend Reserve Amount and to Authorize Payment of Professional Fees and Expenses, I recommend as follows:

1. The Motion to Amend Reserve Amount (Dkt. No. 981) be **GRANTED**, and the reserve amount be increased to $59,819.62.

2. The Motion to Approve Payment of Professional Fees and Expenses to Sands Anderson PC in the amount of $35,346.59, be **GRANTED in part**. Sands Anderson PC has been paid $5,000.00 of the approved amount and thus should be **AWARDED** $30,225.59 (calculated as $30,346.59 - $121.00).

3. The Motion to Approve Payment of Professional Fees and Expenses to Keiter in the amount of $6,698.03, be **GRANTED**. Keiter has been paid $5,000.00 of the approved amount and thus should be **AWARDED** $1,698.03.

4. The Receiver be authorized to pay from the reserve any reasonable professional fees and expenses performed for the conclusion of the receivership; however, the Receiver shall seek court approval for any professional fees and expenses to be paid greater than five thousand dollars ($5,000.00).

The clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record.  Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days.  Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties.  Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

    Enter:  May 13, 2019

    /s/ Robert S. Ballou

    Robert S. Ballou
    United States Magistrate Judge